IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BAKARI ABDUL BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-231 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Bakari Abdul Brown, an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On December 11, 2014, following a trial by jury in the 253rd Judicial District Court of Liberty County, Texas, Petitioner was convicted of possession of a controlled substance and unlawful possession of a firearm by a felon, cause numbers CR30879 and CR30880. Petitioner was sentenced to a term of imprisonment for life. In this petition, Petitioner challenges only his conviction for unlawful possession of a firearm by a felon, cause number CR30880.

Petitioner appealed his convictions to the Ninth Court of Appeals in Beaumont, Texas. On March 15, 2017, the appellate court affirmed the trial court's judgment. *See Brown v. State*, No. 09-15-00004-CR, 2017 WL 993076 (Tex. App. - Beaumont Mar. 15, 2017, pet. ref'd). Petitioner's Petition for Discretionary Review was refused by the Texas Court of Criminal Appeals on July 27, 2017. *Id.*

On October 2, 2017, Petitioner filed a state Application for Writ of Habeas Corpus. On February 26, 2020, the Texas Court of Criminal Appeals denied the Application without written order

on the findings of the trial court without hearing and on the court's independent review of the record. (ECF No. 17-2 at *1).

## The Petition

Petitioner filed this Petition for Writ of Habeas Corpus asserting the following grounds for review: (1) he was denied due process when the prosecutor allegedly intimidated a defense witness into refusing to testify; (2) he was denied the effective assistance of counsel at trial; and (3) the evidence presented was legally insufficient to sustain the conviction.

## The Response

The Respondent was ordered to show cause why relief should not be granted. The Respondent contends that each of the Petitioner's grounds for review are without merit. Accordingly, the Respondent asserts that the petition should be denied and dismissed with prejudice.

## Factual Background

On direct appeal, the Ninth Court of Appeals summarized the factual background of Petitioner's case as follows:

> In January 2014, based on a tip from a confidential informant, officers with the Liberty County Sheriff's Department obtained a warrant to search the home of Judith Daniels. The warrant allowed the police to search the home for controlled substances, including cocaine. The affidavit that police used to obtain the warrant was signed by a sheriff's department deputy. In his affidavit, the deputy claimed that the house where the search was to be conducted was being used by Daniels and Brown to conceal controlled substances, which included cocaine. When the police arrived at Daniels' home to execute the warrant, the deputy saw Brown sitting in a car in the driveway. While some of the officers involved in the search were serving the search warrant on Daniels, the deputy briefly notified Brown of the impending search and then arrested Brown. Subsequently, the deputy informed Brown of his Miranda rights. Brown waived his right to remain silent, and agreed to show the deputy where the police could find drugs in Daniels' home.

> After Brown entered Daniels' house, Brown directed the deputy to one of the back bedrooms. While standing near a bed in one of the bedrooms, Brown nodded his head toward the bed, indicating to the deputy that the officers who were searching the bedroom should look under a blanket that was on top of the bed. Beneath the blanket, the officers recovered a cloth bag containing three plastic baggies. The baggies contained approximately 44 grams of a hard off-white substance. Through subsequent testing, the substance in the baggies was found to contain cocaine. Under the same blanket, the police also found a yellow bag, which contained a loaded handgun. In other parts of the house, the officers found ammunition for the gun, mail that was

addressed to Brown at the address where the search warrant was executed, digital scales, and cooking utensils. The cooking utensils contained a white-powdery residue.

In April 2014, a grand jury indicted Brown for possessing cocaine weighing between four and two hundred grams with the intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2010). The same grand jury indicted Brown for illegally possessing the handgun that the police recovered from Daniels' home. Tex. Penal Code Ann. § 46.04(a).

Prior to the trial, Brown asked the court to suppress evidence recovered during the search of Daniels' home. During the suppression hearing, Brown argued that the deputy who conducted the search promised him leniency in return for his agreement to assist in the search. According to Brown, the deputy told him before he agreed to assist in the search that he would "go to bat" for him, and Brown argues that the statement amounted to a promise of leniency. Brown argues that had the deputy not implied that he would not be charged with a crime if he helped them search the home, he would not have waived his Miranda rights. According to Brown, the deputy's representation of leniency was false, rendering all of the statements he made to the police thereafter involuntary.

Brown and the deputy who arrested Brown were the only two witnesses who testified during the hearing conducted on Brown's motion to suppress. During the hearing, the court admitted a video taken by a camera inside the deputy's truck, which recorded the deputy and Brown talking about the search warrant. At the conclusion of the hearing, the trial court denied Brown's motion.

On December 2014, the case was tried before a jury. Although the trial court submitted a charge that allowed the jury to consider whether Brown was guilty of possession with intent to deliver, the jury failed to find him guilty on that issue, and instead, the jury found him guilty of simple possession of cocaine with an aggregate weight of between four and two hundred grams. The jury also found Brown guilty of unlawfully possessing the handgun recovered from Daniels' home. See Tex. Health & Safety Code Ann. § 481.115(a), (d); Tex. Penal Code Ann. § 46.04(a).

In the punishment phase of the trial, Brown pleaded true to the allegations that he had previously been convicted of several other felonies. After considering the punishment evidence, the jury assessed a life sentence on the possession of cocaine case and life sentence on the firearm case. See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2016).

*Brown*, No. 09-15-00004-CR (ECF No. 16-30 at *2-5).

State Habeas Proceedings

On habeas review, the state court made the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

* * *

4.    The Trial Court finds that the affidavits signed by JUDITH LYN DANIELS are not credible.

3

5.      The Trial Court finds the affidavit signed by VANESSA MARIE HALL is not credible.

6.      The Trial Court finds the affidavit signed by JOSE REYES DELGADO is not credible.

7.      The Trial Court finds the testimony set out by Applicant is not credible.

8.      The Trial Court finds the affidavit of Trial Counsel DAN P. BRADLEY to be credible.

## CONCLUSIONS OF LAW

1.      Applicant has **failed** to affirmatively demonstrate by a preponderance of the evidence (1) that Trial Counsel's performance was deficient, in that Trial Counsel made such serious errors that he was not functioning effectively as Counsel; (2) that Trial Counsel's deficient performance prejudiced Applicant's defense to such a degree that Applicant was deprived of a fair trial; (3) that the totality of Trial Counsel's representation undermined confidence in Applicant's conviction; or (4) that there is a reasonable probability that, but for Trial Counsel's deficient performance, the result in Applicant's case would have been different. Applicant's GROUNDS FOR RELIEF are without merit.

(ECF No. 17-16 at *23-24).

<u>Standard of Review</u>

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal

habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams,* 529 U.S. at 412-13. An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

Analysis

I.    *Prosecutorial Misconduct*

In his first ground for review, Petitioner alleges he was denied due process when the prosecutor allegedly intimidated a defense witness into refusing to testify. Petitioner's claim is based on affidavits executed by Judy Daniels in which she claimed ownership of the gun and drugs. Daniels claims she did not testify because the prosecution led her to believe it was not in her best interest to do so.

Prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011). A violation of the due process only occurs when the alleged conduct deprived the petitioner of his right to a fair trial. A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410-11 (5th Cir. 1987).

On habeas review, trial counsel provided an affidavit asserting the following in response to Petitioner's allegations of ineffective assistance of counsel:

> While I do not necessarily agree with Applicant's position that the affidavit of Judy Daniels was admissible as an exception to the hearsay rules, there was another glaring reason not to offer it into evidence. Over the course of my representation, I met with Applicant many times in the jail to discuss his case. As noted above, Applicant was hyper-involved in the defense. He would supply me with affidavits to show me how he wanted the case presented. If I pointed out a hole in his theory of the case, he would take back the affidavit and later present me with a new one with different details or alleged facts. The affidavit of Judy Daniels was one such revised document.
>
> Applicant would also give me extensive scripts for questioning a witness, and in Daniels' case, the scripted answers she was to give. I got the sense that he was telling Daniels how to testify. This became clear after Logan Pickett approached and recorded

Daniels at her home. She backpedaled on her willingness to take responsibility for the drugs and firearm.

During my conversations with both Daniels and Applicant, I received conflicting information as well as admissions that showed the affidavit of Judy Daniels to be inaccurate in the least, and false at the worst. As an officer of the court, I could not, and would not, knowingly sponsor perjured testimony in any form.

Thus, I did not push the issue when Daniels asserted her Fifth Amendment right to remain silent.

(ECF No. 17-15 at *59-60).

Trial counsel asserted that he received conflicting information indicating that the affidavit from Daniels was potentially false, and he would not knowingly sponsor perjured testimony. The state habeas court found the affidavit of trial counsel to be credible. (ECF No. 17-16 at *24). The fact that Daniels asserted her Fifth Amendment rights indicates a voluntary choice she made to not testify in an effort to not incriminate herself after being made aware of the legal consequences of the statements in her affidavit. Petitioner has failed to show any intimidation by the prosecution which caused Daniels to not testify. As noted above, the habeas court found the affidavits of Judy Daniels were not credible. (ECF No. 17-16 at *23). Petitioner's unsupported allegations of prosecutorial misconduct are insufficient to establish a constitutional violation. Accordingly, Petitioner's claim should be denied.

The state court reviewed and rejected Petitioner's claims raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11. Petitioner has failed to rebut the presumption of correctness afforded to the factual findings by clear and convincing evidence.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

II.     *Ineffective Assistance of Counsel*

    A.     Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986). Plea negotiations are a critical phase of litigation in criminal proceedings and subject to the Sixth Amendment right to effective assistance of counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. In order to demonstrate the first prong of this test, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that the petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's

unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland*, 466 U.S. at 694)). "The possibility of a different outcome is not enough." *United States v. Megwa*, No. 20-10877, 2021 WL 3855498 (5th Cir. June 1, 2021). Instead, "the defendant must demonstrate that the prejudice rendered [the proceeding] fundamentally unfair or unreliable." *Crane*, 178 F.3d at 313 (quoting *Lockhart*, 506 U.S. at 369). Further, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

When a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

B.    Application - Trial Counsel

Petitioner claims he was denied the effective assistance of trial counsel. Specifically, Petitioner complains of the following seventeen instances of ineffective assistance of counsel alleging counsel was ineffective for: (1) failing to stipulate to Petitioner's felony status and prior felony offense and failing to object when the State elicited the details of his prior felonies and read the details to the jury; (2) failing to present exculpatory evidence - Judy Daniels's affidavit stating that she possessed the cocaine and firearm; (3) failing to object when Daniels improperly invoked her Fifth Amendment right not to testify; (4) failing to inform the court and make an objection to the State's intimidation of Judy Daniels; (5) failing to investigate and call Jose Delgado to testify; (6) failing to put his request for a continuance in writing after he made an oral request for a continuance in order to locate missing witness Vanessa Hall; (7) failing to request a jury charge on the voluntariness Petitioner's statement; (8) failing to request a proper jury charge on a defensive theory as to "mere presence and knowledge of the offense;" (9) failing to object to admission of State's Exhibit 19 on

the basis that it contained an inadmissible hearsay statement - Deputy Paul Young saying "[Young] says that's all [contraband] he has there;" (10) failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that Vanessa Hall is a girlfriend of Petitioner who is currently in prison; (11) failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that the search location where the cocaine and the handgun were found was Petitioner's residence and bedroom; (12) failing to object to Deputy Young's testimony that he did not follow through on his investigation because Petitioner showed him where the drugs were located; (13) eliciting prejudicial hearsay testimony from Deputy Young that Petitioner was the Deputy's only suspect; (14) failing to elicit testimony that the postmark on the mail found at the residence was old, establishing that Petitioner did not reside there; (15) failing to object to the State's closing argument that Petitioner confessed to possessing cocaine and a handgun; (16) erroneously responding to the State's closing argument that Petitioner confessed to possessing the cocaine and firearm, thus interjecting a new issue for the jury to consider, which was not supported by the record; and (17) cumulative ineffective assistance of counsel.

     1.     <u>Failure to Object/Failure to Impeach</u>

In grounds one, three, four, nine, ten, eleven, twelve, and fifteen Petitioner argues trial counsel provided ineffective assistance by failing to object. Specifically, Petitioner asserts that counsel was ineffective for the following: (a) failing to stipulate to Petitioner's felony status and prior felony offense and failing to object when the State elicited the details of his prior felonies and read the details to the jury; (b) failing to object when Daniels improperly invoked her Fifth Amendment right not to testify; (c) failing to inform the court and make an objection to the State's intimidation of Judy Daniels; (d) failing to object to admission of State's Exhibit 19 on the basis that it contained an inadmissible hearsay statement - Deputy Paul Young saying "[Young] says that's all [contraband] he has there;" (e) failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that Vanessa Hall is a girlfriend of Petitioner who is currently in prison; (f) failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that

the search location where the cocaine and the handgun were found was Petitioner's residence and

bedroom; (g) failing to object to Deputy Young's testimony that he did not follow through on his

investigation because Petitioner showed him where the drugs were located; and (h) failing to object

to the State's closing argument that Petitioner confessed to possessing cocaine and a handgun.

An attorney's failure to object does not constitute deficient representation unless a sound basis

exists for objection. *See Emery v. Johnson*, 139 f.3d 191, 198 (5th Cir. 1997) (a futile or meritless

objection cannot be grounds for a finding of deficient performance). Even when such a basis exists,

however, an attorney may render effective assistance despite a failure to object when the failure is a

matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure

to object may be a matter of trial strategy as to which courts will not second guess counsel). Further,

it is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See*

*Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.

1984). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."

*Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

a.    Failure to Object to Petitioner's Felony Status and Prior Felony Offense

Petitioner claims counsel was ineffective for failing to stipulate to Petitioner's felony status

and prior felony offense and failing to object when the State elicited the details of his prior felonies

and read the details to the jury.

During the state habeas proceedings trial counsel specifically addressed this issue, asserting

the following in his affidavit:

> Applicant was charged with Felon in Possession of a Firearm. He was a very strong-
> willed client with opinions and positions on nearly every aspect of his case, including
> the position that he refused to agree to anything regarding the State's case. He wanted
> to fight every element and issue. This included the fact that he was a convicted felon.
> In my meetings with Applicant, he told me that he wanted a trial. He never wanted to
> agree to any part of the State's case. Thus, if I had stipulated to the conviction, he
> would now be complaining that I didn't attack the evidence[.]
>
> In the interest of appeasing my client and testing the evidence, I challenged the
> qualifications of the supporting witness and the veracity and admissibility of the prior
> conviction. Once the judgment was admitted into evidence and connected to
> Applicant, it would clearly appear as subterfuge to lodge a new objection and try to

convert to a stipulation. The jury would not have any trust in my word and actions after that.

(ECF No. 17-16 at *20-21).

The state habeas court found the affidavit of trial counsel to be credible.  (ECF No. 17-16 at *24).  Petitioner has failed to rebut the presumption of correctness afforded to the factual findings by clear and convincing evidence. Counsel was not deficient in his performance for failing to raise Petitioner's meritless objection.  Further, in light of the strong evidence against him, Petitioner has failed to show any related prejudice.  Accordingly, Petitioner's claims are without merit.

      b.    Judy Daniels

In his next two grounds, Petitioner claims counsel was ineffective for failing to present exculpatory evidence - the affidavit of Judy Daniels stating that she possessed the cocaine and firearm and for failing to inform the court and make an objection to the State's intimidation of Judy Daniels.

Petitioner's claims based on the affidavits provided by Judy Daniels were reviewed by the state court.  On state habeas review, trial counsel stated that during his conversations with both Daniels and Petitioner, he "received conflicting information as well as admissions that showed the affidavit of Judy Daniels to be inaccurate in the least, and false at the worst." (ECF No. 17-15 at *60). Counsel further stated that, "[a]s an officer of the court, I could not, and would not, knowingly sponsor perjured testimony in any form." *Id*.  As set forth above, the fact that Daniels asserted her Fifth Amendment rights indicates she did not testify in an effort to not expose herself to criminal charges, not that she was intimidated into refusing to testify as Petitioner claims.  Thus, there was no wrongful conduct for counsel to report, and any objection would have been meritless.

The state habeas court found the affidavits of Judy Daniels lack credibility.  Further, the habeas court found trial counsel's affidavit was credible.  Petitioner has failed to rebut the presumption of correctness afforded to the factual findings by clear and convincing evidence. Counsel was not deficient in his performance for failing to raise Petitioner's meritless objection. Further, in light of the strong evidence against him, Petitioner has failed to show any related prejudice.  Accordingly, Petitioner's claims are without merit.

c.    Deputy Young

Next, Petitioner raises several grounds regarding counsel's conduct with respect to the testimony of Deputy Young.  Petitioner claims counsel was ineffective for failing to object to admission of State's Exhibit 19[1] on the basis that "the video" contained the following alleged inadmissible hearsay statement made when Deputy Young told another officer:  "He [Brown] says that's all [contraband] he has there."  (ECF No. 1 at *15).  Counsel, however, did challenge the introduction of the exhibit based on the failure to lay the proper foundation, but the court ultimately ruled the exhibit was admissible.  (ECF No. 16-12 at *55-59).  While Petitioner believes a challenge on other grounds should have been attempted, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *Wilkerson*, 950 F.2d at 1065.  Petitioner has failed to overcome this strong presumption with respect to his claim.  Further, in light of the strong evidence against him, Petitioner has failed to show he was prejudiced by the introduction of this statement.  Thus, Petitioner has failed to show either deficient performance or prejudice.

Additionally, Petitioner claims counsel was ineffective for failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that Vanessa Hall is a girlfriend of Petitioner who is currently in prison.  Petitioner, however, fails to show the falsity of this statement or that the witness did not have personal knowledge of this fact.  "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."  *Clark*, 19 F.3d at 966.  Petitioner has failed to show either deficient performance or prejudice.

Further, Petitioner claims counsel was ineffective for failing to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that the search location where the cocaine and the handgun were found was Petitioner's residence and bedroom.  Counsel, however, made several objections to the testimony of Deputy Young, including an objection to him testifying

---

[1] Petitioner refers to Exhibit 2, but Exhibit 2 is an evidence bag containing a brown cloth bag and a yellow bag. State's Exhibit 19 is a DVD.  (ECF No. 16-12 at *4).  Therefore, Petitioner's ground is interpreted as referring to Exhibit 19.

13

to fact not in evidence regarding Young saying the house was Petitioner's residence. Counsel's objection was overruled. (ECF No. 16-12 at *47). Petitioner has failed to show either deficient performance or prejudice.

Finally, Petitioner claims counsel was ineffective for failing to make a proper objection to Deputy Young's testimony that he did not follow through on his investigation because Petitioner showed him where the drugs were located. Counsel, however, objected to such testimony from Young as unresponsive, but the objection was overruled. (ECF No. 16-12 at *111). Additionally, counsel made numerous attempts to discredit Young's investigative ability and techniques. (ECF No. 16-12 at *109-13). Petitioner has failed to show either deficient performance or prejudice.

d.      Jose Delgado

Petitioner claims counsel was ineffective for failing to investigate and call Jose Delgado to testify as a witness.

Counsel addressed this issue in the state habeas proceeding. Counsel explained that Petitioner "was hyper-involved in the defense. He would supply me with affidavits to show me how he wanted the case presented. If I pointed out a hole in his theory of the case, he would take back the affidavit and later present me with a new one with different details or alleged facts." (ECF No. 16-50 at *59). Additionally, the state habeas court found Delgado's affidavit was not credible while finding counsel's affidavit credible. Petitioner has failed to rebut the presumption of correctness afforded to the factual findings by clear and convincing evidence. As a result, Petitioner has failed to show counsel's performance was deficient. Further, in light of the strong evidence against him, Petitioner has failed to show any related prejudice. Accordingly, Petitioner's claim is without merit.

e.      Vanessa Hall

Next, Petitioner claims counsel was ineffective for failing to put his request for a continuance in writing after he made an oral request for a continuance in order to locate missing witness Vanessa Hall. Petitioner asserts that putting the request in writing would have allowed the issue to be raised on appeal.

As counsel explained in his affidavit, he did not find the affidavits supplied by Petitioner to be credible.  Additionally, the state habeas court found Vanessa Hall's affidavit was not credible, and counsel's affidavit was credible.  Petitioner has failed to show Hall was available to testify, that any testimony presented by Hall would have been beneficial to his defense, or that he had a meritorious ground for appeal.  Therefore, Petitioner has failed to demonstrate counsel was ineffective for failing to reduce his objection to writing.  Petitioner has failed to overcome the state court's factual finding by clear and convincing evidence.  As a result, Petitioner has failed to demonstrate either cause or prejudice.

f.      Jury Charge Issues

First, Petitioner complains that counsel was ineffective for  failing to request a jury charge on the voluntariness Petitioner's statement.  Next, Petitioner claims counsel was ineffective for failing to request a proper jury charge on a defensive theory as to "mere presence and knowledge of the offense."

The trial court conducted a suppression hearing regarding the voluntariness of Petitioner's statement to police.  (ECF No. 16-10 at *1).  During the hearing, Petitioner did not directly answer the question of whether he made the statement voluntarily, but admitted he voluntarily took the officer to the drugs.  (ECF No. 16-10 at *20).  The court found the statements Petitioner made and the actions he took were voluntary and that the requirements of the statute for introduction of the evidence were met.  Accordingly, the court denied the motion to suppress the evidence.  (ECF No. 16-10 at *26-27).

Next, Petitioner claims counsel was ineffective for failing to request a proper jury charge on a defensive theory as to "mere presence and knowledge of the offense."   A review of the proceedings reveals that during the charge conference counsel argued for inclusion of the language that "[m]ere presence at the scene of the crime alone is not sufficient to conclude that the accused committed the offense beyond a reasonable doubt."  (ECF No. 16-13 at *52).  The judge had previously explained that he did not want to add to the definition contained in the Code of Criminal Procedure, and subsequently denied counsel's request.  *Id.*

15

g.      Eliciting Testimony

In grounds thirteen and fourteen, Petitioner contends counsel provided ineffective assistance with respect to witness testimony.  First, Petitioner contends counsel elicited prejudicial hearsay testimony from Deputy Young that Petitioner was the deputy's only suspect.  Second, Petitioner claims counsel was ineffective for failing to elicit testimony that the postmark on the mail found at the residence was old.

Petitioner's claim that counsel elicited prejudicial hearsay testimony from Deputy Young that he was the deputy's only suspect is without merit.  A review of the record reveals that counsel was questioning Deputy Young about his investigative techniques attempting to discredit the deputy's testimony.  Counsel asked Deputy Young if he had considered any other suspect including Judith Daniels, the owner of the home.  (ECF No. 16-12 at *105).  Additionally, the contested statement was not hearsay.  Petitioner has failed to show either deficient performance or prejudice.

Next, Petitioner asserts that counsel was ineffective for failing to elicit testimony that the postmark on the mail found at the residence was old.  Petitioner claims this would have indicated that he did not reside at the residence.  However, the important fact related to this evidence is that mail addressed to Petitioner was found in the bedroom where the cocaine and pistol were found.  (ECF No. 16-12 at *70).  The fact that the postmark on the mail was old was not an important detail in Petitioner's case.  The core issue was that the mail was found in the room and that was an indication that Petitioner did reside there, as any other occupant of the room would have most likely removed old mail that did not belong to them.  Thus, Petitioner has failed to overcome the strong presumption that trial counsel rendered adequate assistance and that the failure to elicit this information was the product of a reasoned trial strategy.  Thus, Petitioner has failed to show either deficient performance or prejudice.

h.      Closing Argument

In his next two grounds, Petitioner asserts that counsel was ineffective with respect to the closing argument.  First, Petitioner contends counsel should have objected to the prosecution's closing

16

argument that Petitioner confessed to possessing cocaine and a handgun. Second, Petitioner argues that counsel's erroneous response to the prosecution's closing argument interjected a new issue for the jury to consider.

During closing arguments, counsel vigorously responded to the prosecution's closing argument. Trial counsel made the following argument as part of his closing argument in rebuttal to the prosecution's argument:

> And the fact is, Mr. Pickett says, he took him straight there. That's not a confession. That means he knows that something is there, but it's not a confession saying that's mine. It's not saying, I possessed this. It's not saying, I deal in this. And that's what you've got to determine. That's not a confession.

(ECF No. 16-13 at *78).

In Texas, "[i]t is well established that proper jury argument must fall within one of the following categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel' and (4) plea for law enforcement." *Borja v. State*, 78 S.W.2d 53, 55 (Tex. Crim. App. 1990 (en banc). Proper jury arguments may include argument as to the truthfulness of a witness's testimony, so long as the jury had an equal opportunity to observe the witness, and the argument is based on reasonable deductions form the evidence, such as the witness's demeanor while testifying. *See Good v. State*, 723 S.W.2d 734, 736-37 (Tex. Crim. App. 1986). "A decision not to object to a closing argument is a matter of trial strategy." *Adams v. Quarterman*, 416 U.S. 637, 643 (5th Cir. 2009) (quoting *Drew v. Collins*, 964 F.2d 411, 423 (5th Cir. 1992), *cert. denied*, 509 U.S. 925 (1993)).

In this case, counsel's performance was not deficient since the prosecution made a proper jury argument based on a reasonable deduction from the evidence. Further, petitioner's argument that counsel interjected another issue for the jury to consider is not supported by the record in this case. However, even assuming that the prosecution's argument did constitute an improper jury argument, Petitioner has neither made a sufficient showing that there is a reasonable probability that the trial's result would have been different had counsel objected nor that the state habeas court erred in

implicitly concluding that counsel made a strategic choice to not object. Accordingly, Petitioner has failed to show either deficient performance or prejudice.

i.    Cumulative Error

In his final ground for relief concerning counsel, Petitioner argues that the cumulative impact of counsel's deficiencies affected the outcome of his trial.

The Constitution guarantees a fair trial for criminal defendants through the Due Process Clause of the Sixth Amendment, which provides defendants the right to have the effective assistance of counsel and largely defines the basic elements of a fair trial. *See* U.S. CONST. amend. VI; *Strickland*, 466 U.S. at 685. As analyzed above, however, Petitioner has failed to show that counsel's representation was unconstitutional. As the Fifth Circuit has stated explicitly, "where individual allegations of error are not of constitutional stature or are not errors, there is 'nothing to cumulate.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Here, as set forth above, Petitioner has failed to show any individual errors of constitutional magnitude. Accordingly, Petitioner's claims that he was denied due process and a fair trial are without merit and should be denied.

The state court reviewed and rejected Petitioner's claims of ineffective assistance of counsel raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11. Petitioner has failed to rebut the state court's determinations by clear and convincing evidence.

For the reasons set forth above, Petitioner has failed to show either deficient performance or prejudice regarding counsel. As a result, Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that counsel's performance was not unconstitutional. Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of

18

the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's grounds for relief should be denied.

III.    *Sufficiency of the Evidence*

Next, Petitioner claims there was insufficient evidence to support his conviction. Specifically, Petitioner contends that considering all of the evidence presented at trial, "it is unreasonable to conclude that just because he knew the contents of Daniels' home it is he whom was in possession of the contraband. It is more than reasonable that Daniels was in possession of the contraband." (ECF No. 1 at *18).

On direct appeal, the state intermediate appellate court made the following findings:

> In Brown's case, the evidence shows that even before any contraband was found, he began bargaining with the police in an effort to mitigate what he knew they would likely discover during the impending search. The circumstantial evidence shows that he knew where the contraband would be found inside Daniels' home, as he led the police to the room where the cocaine and handgun was recovered, and nodded at the bed indicating that the police should focus on the bed in their search. After the officer found the bag that contained the cocaine and the bag that contained the handgun under the blanket that was on top of bed, the deputy asked Brown if any other drugs were in the home. Brown responded: "That's it[.]" The evidence allowed the jury to conclude that Brown not only knew where the contraband would be found, but that he knew that no other illegal drugs were being kept there. The evidence from the trial also shows that Brown told the officers that no additional guns were in the home. The evidence allowed the jury to conclude that Brown knew where the contraband was being hidden in the home, indicating that his connection to the contraband was more than merely fortuitous. Additionally, the officers who searched Daniels' home found mail addressed to Brown at the address of the house where the search occurred. The testimony of the deputy in the trial indicates that objects found in another bedroom indicated to him that Daniels used a bedroom other than the one where police found the contraband. These facts offer additional circumstantial evidence that tend to link Brown with the bedroom where the contraband was found.

> In summary, the evidence linking Brown to the contraband found in the bedroom of Daniels' home was largely circumstantial. Nevertheless, the logical force of the collective links show that Brown's connection to the contraband was not merely fortuitous. As the fact finder, the jury was entitled to infer from the evidence that Brown had used the bedroom in Daniels' home as a place to store the cocaine and the firearm that they found there, and to conclude that he had a right of control or management over the items that the police recovered there. *See Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Crim. App. 1978). We hold that the evidence authorized the jury to reasonably find that Brown knowingly possessed the cocaine and the handgun that the police found in the bedroom of Daniels' home. *See Williams*, 235 S.W.3d at 750. We further hold that the evidence contains sufficient affirmative links to

establish that Brown was guilty of possession of cocaine and illegal possession of a firearm. *See Jackson*, 443 U.S. at 319; *see also Jones*, 338 S.W.3d at 743.

*Brown*, No. 09-15-0004-CR (ECF No. 16-30 at *18-20).

Federal habeas review of an insufficiency of the evidence claim is extremely limited. On habeas review, a federal court cannot disturb a conviction rendered in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). When addressing a claim of insufficient evidence, a federal court must review the evidence "in the light most favorable to the prosecution to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Norris v. Davis*, 826 F.3d 821, 833 (5th Cir. 2016) (quoting *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)).

As set forth above, a review of the testimony in this case reveals that the prosecution presented sufficient evidence to support all elements of the crime. Based on the evidence at trial, Petitioner has failed to show no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Accordingly, Petitioner's claim is without merit.

The state court reviewed and rejected Petitioner's claims raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

20

<u>Recommendation</u>

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge