| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BAKARI ABDUL BROWN, §
§
    Petitioner, §
§
versus §   CIVIL ACTION NO. 1:20-CV-231
§
DIRECTOR, TDCJ-CID, §
§
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner Bakari Abdul Brown, an inmate confined at the Estelle Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommended denying and dismissing the petition for writ of habeas corpus.

Petitioner filed objections to the report. After determining petitioner's objections lacked merit, the court adopted the report and a final judgment was entered on October 10, 2023. Additionally, the court determined that petitioner was not entitled to a certificate of appealability.

On November 1, 2023, petitioner filed a notice of appeal and a motion for certificate of appealability (#s 30 and 31). The United States Court of Appeals for the Fifth Circuit determined that petitioner's motion for certificate of appealability is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).

The action is before this court pursuant to the remand of the United States Court of Appeals for the Fifth Circuit for the limited purpose of allowing the district court to consider the outstanding Rule 59(e) motion.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

    (A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B)    after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*.  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In his motion for certificate of appealability, petitioner reurges his constitutional claims asserted in the petition.  After careful consideration of the motion, the court is of the opinion that petitioner's motion fails to assert a meritorious ground warranting relief from the judgment.

As set forth in the report and memorandum order, petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determinations denying his grounds for relief.  This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).  Petitioner failed to satisfy his burden of proof in this case.  Additionally, petitioner failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Further, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  Thus, he has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, petitioner's grounds for relief are without merit.

## ORDER

For the reasons set forth above, petitioner's motion to alter or amend judgment should be denied.  It is

**ORDERED** that petitioner's motion to alter or amend judgment is **DENIED**. The Clerk of Court is **DIRECTED** to transmit a copy of the court's order to the United States Court of Appeals for the Fifth Circuit.

SIGNED at Beaumont, Texas, this 30th day of January, 2024.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE